UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

Luis M. Acevedo-Legrand,

        Petitioner,                      Case Number: 25-10403
                                                        Honorable F. Kay Behm

v.

State of Michigan,

        Respondent.
_____/

**OPINION AND ORDER DISMISSING MOTION TO VACATE,
SET ASIDE, OR CORRECT SENTENCE PURSUANT TO 28 U.S.C. § 2255**

Luis M. Acevedo-Legrand, a prisoner in the custody of the Michigan Department of Corrections, has filed a Motion to Vacate, Set Aside, or Correct Sentence Pursuant to 28 U.S.C. § 2255.  For the reasons set forth below, the Court denies the motion.

Acevedo-Legrand was convicted in Tuscola County Circuit Court of two counts of third-degree criminal sexual conduct and one count of felony firearm. On April 30, 2024, he was sentenced to 10 to 15 years for each criminal sexual conduct conviction and 2 years for the felony firearm conviction.  He seeks relief on the ground that he received ineffective assistance of counsel.

Section 2255 governs collateral attacks by *federal* prisoners challenging the legality of their conviction or sentence.  *See Allen v. White*, 185 F. App'x 487, 490

(6th Cir. 2006) (holding that Section 2255 "does not apply to state prisoners"). Because Acevedo-Legrand is not a federal prisoner, he may not proceed under § 2255.

A challenge to the constitutionality of a state court conviction is properly filed under 28 U.S.C. § 2254. *See Skinner v.* Switzer, 562 U.S. 521, 525 (2011). The Court will not construe the petition as having been filed under § 2254 for two reasons. First, "[a] *pro se* pleading may not be recharacterized as a § 2254 habeas petition unless the movant is advised of the district court's intention to recharacterize it, warned that the recharacterization could adversely affect the ability to seek future relief under § 2254, and allowed an opportunity to withdraw or amend the pleading." *Foster v. Warden Chillicothe Corr. Inst.*, 522 F. App'x 319, 321 (6th Cir. 2013) (citing *Castro v. United States*, 540 U.S. 375, 383 (2003)). Second, Acevedo-Legrand has not exhausted his state court remedies. A state prisoner must present his or her claims to the Michigan Court of Appeals and Michigan Supreme Court before raising the claim in a federal habeas petition. *See* 28 U.S.C. § 2254(b)(1), (c); *Wagner v. Smith*, 581 F.3d 410, 414 (6th Cir. 2009). A review of publicly available dockets shows that Acevedo-Legrand filed an application for leave to appeal in the Michigan Court of Appeals. The court of appeals denied leave to appeal. *People v.*, No. 372988 (Mich. Ct. App. Dec. 11,

2024).  Acevedo-Legrand did not file an application for leave to appeal the court of appeals' decision in the Michigan Supreme Court.

Accordingly, Acevedo-Legrand cannot challenge his state court convictions under 28 U.S.C. § 2255.  Therefore, the motion to vacate, set aside, or correct sentence is DENIED, and the case is DISMISSED.  This dismissal is without prejudice to the petitioner challenging his convictions in a properly filed petition under 28 U.S.C. § 2254.

SO ORDERED.

Date: March 25, 2025                    s/F. Kay Behm
                                        F. Kay Behm
                                        United States District Judge